Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Tiffny Allen

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tiffny Allen,<br><br>        Plaintiff,<br>v.<br><br>Nelson & Kennard,<br><br>        Defendant. | Case No: CV13-8258 PZ<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt



   collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Tiffny Allen, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Nelson & Kennard, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

//
//

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of Fillmore, County of Ventura, State of California.

11. Because Plaintiff resides in Ventura County, as defined by 28 U.S.C. § 1391c(1), venue is proper pursuant to 28 U.S.C. § 1391b(2).

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of Fillmore, County of Ventura, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in Ventura County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Fillmore, State of California.

16. Defendant is located in the City of Sacramento, in the State of California.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before May 24, 2011, Plaintiff is alleged to have incurred certain financial obligations.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before May 24, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before May 24, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about May 24, 2011, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. During Plaintiff's May 24, 2011 telephonic conversation with Defendant, Plaintiff spoke with "Stacy Kalahan," a representative of Defendants. Stacy Kalahan stated to Plaintiff that Plaintiff's alleged debt was owed in the amount of $9809.14. Stacy Kalahan offered Plaintiff a settlement in the amount of $7893.25, to be paid with a $4,200.00 down payment, with remaining monthly payments of $100, with no interest accruing. Plaintiff and Defendant agreed upon this settlement agreement.

31. Subsequently, on or about May 25, 2011, Plaintiff made the initial down payment of $4,200.00 to Defendant.

32. Subsequently, Defendant mailed Plaintiff a letter that state that Plaintiff owed $9,809.14, with a %10 interest rate accruing.

33. Upon Plaintiff's first payment of $100, Plaintiff mailed the $100 to Defendant and included Defendant's letter stating that $9,809.14 and a %10 interest rate is due and owing, and crossed out the $9,809.14 and %10 interest rate, and replaced it with the agreed upon amount of $7893.25.

34. Plaintiff continued to make nineteen $100 monthly payments to Defendant, as agreed upon by Plaintiff and Defendant's settlement agreement, starting on June 30, 2011 and continuing until March 11, 2013.

35. On or about March 2013, Plaintiff emailed Defendant requesting an updated balance. Defendant emailed Plaintiff back, stating that Plaintiff owed a balance of $4,724.64.

36. Plaintiff did not owe Defendant $4,724.64, but rather, as agreed upon under Plaintiff and Defendant's settlement agreement reached on or about May 24, 2011, and after deducting the payments already paid to Defendant, Plaintiff owed Defendant $1693.25.

37. On or about July 8, 2013, Plaintiff contacted Defendant by telephone, again requesting the amount allegedly owed to Defendant. "Henry," a representative of Defendant's stated that Plaintiff owed $5,034.01 to Defendant.

38. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

39. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

40. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

//

//

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

47. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Hyde & Swigart

Date: October 28, 2013

By: s/Crosby S. Connolly
Crosby S. Connolly
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Tiffny Allen

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Nelson & Kennard

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Crosby S. Connolly, Esq., Robert L. Hyde, Esq.; Hyde & Swigart
2221 Camino Del Rio South, Suite 101; San Diego, CA 92108
Telephone: (619) 233-7770; Facsimile: (619) 297-1022

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ 2,000.00+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692 et seq.
Unfair Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-8258

CV-71 (09/13)     CIVIL COVER SHEET     Page 1 of 3


COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

C.1. Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

C.2. Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 10/29/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |